SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–16–348

| | |
|---|---|
| CHARISMA MEGHAN HOLDER AND JOSHUA HOLDER<br><br>APPELLANTS<br><br>V.<br><br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD<br><br>APPELLEES | **Opinion Delivered** September 21, 2016<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT [NO. 66JV-2014-199]<br><br>HONORABLE JIM D. SPEARS, JUDGE<br><br>AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

Appellants Charisma and Joshua Holder appeal a Sebastian County Circuit Court order terminating their parental rights to their seven-year-old daughter, M.H. They contend that the trial court erred in ordering termination without first reviewing testimonial evidence introduced at a previous hearing on the petition to terminate. Because appellants have failed to present sufficient evidence of their claim, we affirm.

A brief procedural history of the case is necessary to the issue on appeal. In March 2014, M.H. was removed from the care and custody of Charisma and Joshua Holder after Charisma attempted suicide and Joshua was found to be under the influence of several illegal substances. The Arkansas Department of Human Services (the Department) filed a dependency-neglect petition within the appropriate division of the circuit court that handled

juvenile matters. The circuit court adjudicated M.H. dependent-neglected in May 2014, and M.H. remained in the care of the Department throughout the pendency of the case.

While the case was pending, the judge initially assigned to the case retired, and the case was reassigned. The newly assigned judge presided over a permanency-planning hearing in March 2015. At that time, the court found that the parents had not complied with the case plan and that the goal of the case should be changed to concurrent goals of reunification and termination/adoption.

The Department filed a petition to terminate the parental rights of both Joshua and Charisma Holder in April 2015. On June 5, 2015, the court commenced a hearing on the petition (1st hearing). The hearing could not be completed that day because, during the course of the hearing, the trial judge discovered a conflict that warranted her recusal. A recusal order was entered, and Judge Spears was assigned to the case.

Judge Spears attempted to reschedule the termination hearing. However, due to several scheduling conflicts, the termination hearing was again continued multiple times and, as a result, another review hearing became necessary. In November 2015, Judge Spears held a review hearing. During this hearing, he received into the record a transcript from the 1st hearing. He also found that the parents had not complied with the case plan, and he set the continued termination hearing for trial in January.

The termination hearing resumed on January 14, 2016 (2nd hearing). At the beginning of the 2nd hearing, the Department introduced into evidence a transcript of the 1st hearing and summarized the testimony for the court. After taking additional evidence, Judge

Spears indicated from the bench that he was ordering that the Holders' parental rights be terminated. An order to that effect was entered on February 4, 2016.

The appellants challenge the termination order, arguing only one point for reversal: that the trial court failed to consider all the evidence—specifically, the evidence from the 1st hearing—before rendering its decision. They argue that the transcript from the 1st hearing was introduced into the record at the beginning of the 2nd hearing and that because the court ruled from the bench, it obviously did so without considering the transcript. In making this argument, the appellants analogize their situation to "sleeping juror" cases in which the fact-finder has failed to hear or consider all the evidence presented.

However, the appellants fail to provide any evidence, other than sheer speculation, that the trial court did, in fact, neglect to consider the evidence presented at the 1st hearing in making its decision. The transcript of the 1st termination hearing was previously introduced at the November 2015 review hearing presided over by Judge Spears and was discussed by him in the order entered thereafter. Thus, Judge Spears presumably reviewed the transcript at that time. The transcript was reintroduced at the 2nd hearing. While the trial court did render its decision immediately after the conclusion of the hearing and, arguably, perhaps before reviewing the evidence from the previous hearing, the final order was not entered until three weeks later, giving the trial court ample time to review all the evidence. Appellants have introduced no evidence that the court did not do so. Thus, their entire argument is based on speculation and conjecture.

Moreover, while appellants couch their argument as one of sufficiency, it really is not. They do not argue that there was insufficient evidence to support the court's ultimate findings; they simply argue that the trial court did not consider all the evidence before making those findings. Thus, their labeling of this as a "sufficiency" argument is simply incorrect. Because their argument is not one of sufficiency, a contemporaneous objection and a subsequent ruling on the objection was required to preserve the issue for appeal. Counsel did neither. It is well settled that the failure to raise a challenge or obtain a ruling below is fatal to the appellate court's consideration of an issue on appeal. *Anderson v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 522, at 8, 385 S.W.3d 367, 371; *Bryant v. Ark. Dep't of Human Servs.*, 2011 Ark. App. 390, 383 S.W.3d 901.

For these reasons, we affirm.

GRUBER and HOOFMAN, JJ., agree.

*Leah Lanford*, Ark. Pub. Defender Comm'n, for appellant.

*Jerald A. Sharum*, Office of Chief Counsel, for appellee.

*Chrestman Group, PLLC*, by: *Keith L. Chrestman*, attorney ad litem for minor child.